IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| SubAir Systems, LLC, | ) | Case No. 1:06-02620-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| PrecisionAire Systems, Inc., | ) | |
| Precision Small Engine Company, | ) | |
| and Andrew M. Masciarella, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on [14] Motion to Dismiss filed by defendants PrecisionAire Systems, Inc., and Andrew M. Masciarella pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) and 12(b)(3) (improper venue). Defendant Precision Small Engine Company moves only for a change of venue pursuant to 28 U.S.C. § 1404.

Plaintiff originally instituted this action for infringement of six of plaintiff's patents against two of the defendants, Precision Small Engine Company ("Precision Small Engine"), and Masciarella. After Plaintiff filed its complaint, PrecisionAire filed a complaint in the United States District Court for the District of Florida seeking a declaratory judgment of non-infringement and invalidity of the patents as the sole plaintiff alleging it was the party causing the allegedly infringing items to be sold, and that the case and controversy was between PrecisionAire and plaintiff in this case, SubAir Systems, LLC ("Florida Action").

After learning of the Florida action, Plaintiff filed an amended complaint adding PrecisionAire and correcting the name of Masciarella. [Docket 6]. On January 30, 2007 PrecisionAire and

1

Masciarella filed a motion to dismiss the South Carolina action or transfer the case to Florida asserting lack of personal jurisdiction and venue. [Docket 14]. The Florida action has since been dismissed based on a motion to dismiss brought by SubAir, the United States District Court for the Southern District of Florida having found that "in substance, PrecisionAire's Complaint seeks a declaration of patent non-infringement and unenforcability of the same six patents at issue in the South Carolina Action." Docket Entry [17-2].

Ordinarily, when a district court decides a pretrial motion to dismiss based upon personal jurisdiction without holding an evidentiary hearing, a plaintiff need only make a *prima facie* showing of personal jurisdiction. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). However, where the parties have engaged in jurisdictional discovery, as in the case at bar, "[p]laintiff must establish personal jurisdiction by a preponderance of the evidence." *Brown v. Geha-Werke*, 69 F.Supp.2d 770, 774 (D.S.C. 1999).[1]

Personal jurisdiction in patent cases is governed by the law of the Federal Circuit. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994). In evaluating whether personal jurisdiction may be asserted over a nonresident defendant, the court applies a two-step process. *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003). First, the court must determine whether the forum state's long-arm statute provides a basis for exercising jurisdiction. *Id.*, 340 F.3d at 1349. Second, the court must consider whether assertion of personal jurisdiction comports with the constitutional requirements of due process. *Id.*

Personal jurisdiction over an out-of-state defendant may be either specific or general. A court

---

[1] Under the facts presented, the plaintiff cannot even make a *prima facie* showing of personal jurisdiction over the individual defendant, Andrew M. Masciarella.

2

exercises specific jurisdiction when "a non-resident defendant purposefully established minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable." *3-D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998). If, on the other hand, the suit is unrelated to the defendant's contacts with the forum state, the court may exercise general jurisdiction if the defendant has sufficient contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

In South Carolina, the long-arm statute has been interpreted to be coextensive with the constitutional limits of the Due Process Clause. *See Southern Plastics Co. v. Southern Commerce Bank,* 423 S.E.2d 128, 130-31 (S.C. 1992). However, although some courts have held that the inquiry thus collapses into a single inquiry, the Federal Circuit has indicated that in patent cases it is necessary to first address the question whether a state long-arm statute would supply personal jurisdiction. *Beverly Hills Fan*, 21 F.3d at 1569, note 23.

In the instant case, S.C. Code Ann. § 36-2-803(1)(c) and (d) are the provisions of the long-arm statute which may arguably apply to confer personal jurisdiction over the defendants. The statute provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's (c) commission of a tortious act in whole or in part in this State." Subsection (d) of the statute provides for the exercise of personal jurisdiction where the offending person causes tortious injury in the state by an act or omission outside the state "if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State."

3

*Defendant PrecisionAire, Inc.*

Plaintiff asserts that Subsection (1)(c) of the South Carolina long-arm statute, commission of a tortious act in whole or in part in the state, applies to defendant PrecisionAire, Inc. "Patent infringement occurs when someone 'without authority makes, uses, offers to sell or sells any patented invention.' 35 U.S.C. § 271(a)(1994)." *Aarotech*, 160 F.3d at 1378. In *Aerotech*, the defendant corporation argued that it had never sold any products in California and that personal jurisdiction was not present in California. The Court disagreed and stated, "However, patent infringement results from an offer to sell as well as the sale itself. It is on this basis that 3D asserts its patent infringement claim." *Id*. In the case at bar, the Court finds that S.C. Code Ann. § 36-2-803(1)(c) applies because plaintiff has alleged that PrecisionAire offered to sell allegedly infringing products in South Carolina and therefore a tortious act was allegedly committed at least in part in South Carolina.[2]

Subsection (1)(d) may also apply. Under this subsection, the act or omission by the defendant may occur outside the state, but the tortious injury must occur in the state. *Beverly Hills Fan* holds that "in a case such as this, the situs of the injury is the location, or locations, at which the infringing activity directly impacts on the interests of the patentee, here the place of the infringing sales in Virginia." *Id*., 21 F.3d at 1571. The Federal Circuit in *Beverly Hills Fan* found that the defendant "purposefully shipped the accused fan into Virginia through an established distribution channel." *Id*. In the case at bar, if the catalog was solely that of Precision Small Engine Company, it could be argued that defendant Precision Small Engine Company served as a distribution channel for PrecisionAire's allegedly infringing products in South Carolina. It further appears to be uncontested that Precision Small Engine

---

[2] As explained below, a sales catalog with simply the name "Precision" on the cover was distributed in South Carolina offering various products of PrecisionAire for sale. Masciarella controls both corporate defendants, both of which have the word "Precision" in their names.

and PrecisionAire are owned and operated by the same individual, defendant Masciarella. Its conduct therefore also comes within subsection (1)(d) of the South Carolina long-arm statute.

The Court must next analyze whether exercising jurisdiction over PrecisionAire would offend due process. The due process test for personal jurisdiction has two related components: the minimum contacts inquiry and the fairness inquiry. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Due process requires that a nonresident defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). In broad terms, the assertion of personal jurisdiction satisfies due process if "the defendant purposefully avails itself of the privilege of conducting activities within the forum State," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), such that it "should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297.

The Federal Circuit utilizes a three-prong minimum contacts test in patent cases: "whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair." *3D Systems*, 160 F.3d at 1378, *citing Akro*, 45 F.3d at 1545-46.

Once a plaintiff makes the required showing that there have been sufficient minimum contacts with the forum state by the nonresident defendant, jurisdiction may still be defeated if its exercise would be unreasonable and contrary to concepts of fair play and substantial justice. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995). The reasonableness inquiry is a multi-factor balancing test that weighs any burden on the defendant against various countervailing considerations, including plaintiff's interest in obtaining relief and the forum state's interest in the controversy. *See World-Wide Volkswagen*,

444 U.S. at 292. However, defeat of an otherwise constitutional exercise of personal jurisdiction on the grounds of unreasonableness is "limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan*, 21 F.3d at 1568 (Fed. Cir. 1994).

In its Florida complaint, PrecisionAire alleged that it is "causing" the accused PrecisionAire system to be manufactured and sold, and that the "real and actual controversy" is between PrecisionAire and SubAir. (Florida Complaint, ¶¶ 6,14). However, PrecisionAire alleges before this court that it has no contacts with South Carolina, having sold the allegedly infringing items in Georgia.

The Rule 30(b)(6) deposition of PrecisionAire, given through Mr. Masciarella, revealed that PrecisionAire has no employees (Dep. p. 16) and operates out of a single room in the building where Precision Small Engine is located (Dep. p. 22). Plaintiff argues that PrecisionAire, Inc. is a corporate structure through which sales of certain items in the Precision Small Engine catalog are processed and that, prior to the incorporation of PrecisionAire in 2006, Precision Small Engine Company sold the allegedly infringing items. (Dep. p. 96). Plaintiff asserts that, according the deposition testimony, if someone now seeks to purchase one of the allegedly infringing items, the sale will be processed through PrecisionAire rather than Precision Small Engine. (Dep. 86).

Regardless of whether PrecisionAire is a successor corporation or alter ego of Precision Small Engine, however, PrecisionAire is offering the allegedly infringing products for sale in South Carolina through the Precision Master Catalog [Docket 39-3]. The catalog makes no distinction between sales of Precision Small Engine and PrecisionAire (Dep. p. 38). One of the allegedly infringing products is called "PrecisionAire" and the catalog sets forth the exact prices of the various models for sale which

6

can be ordered directly from the catalog. (Dep. p. 109). The catalog sets forth descriptions and pricing information related to most of the components of the other allegedly infringing products.. (Dep. Ex. 4, p.10). The PrecisionAire Subsurface Heating and Cooling System and Heating and Cooling System with Trailer are advertised in the catalog. (Ex. B, attachments 107, Exhibit F, pp. 6-8). The catalog is distributed annually in South Carolina. Therefore, PrecisionAire, is offering products for sale in South Carolina. *See 3D Systems v. Aarotech,* 160 F.3d at1379-80 *(*Product description and price in quotation letter is an offer-to-sell under patent law). *See also*, *MEMC Electronic Materials, Inc. v. Mitsubishi*, 420 F.3d 1369 (Fed. Cir. 2005) ("We have defined liability for an 'offer to sell' under section 271(a) 'according to the norms of traditional contractual analysis . . .' Thus, the defendant must 'communicate a 'manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it,' *citing* Restatement (Second) of Contracts § 24.

The catalogs which contain the offers to sell are purposefully directed to South Carolina (Dep. p. 42), and there is no unfairness in causing PrecisionAire to defend its actions in this jurisdiction in which it is purposefully seeking to do business. The catalog lists at least five (5) South Carolina golf courses as references for the PrecisionAire systems depicted in the advertising. (Ex. F, pp. 4-5). The Court finds that PrecisionAire, Inc. has sufficient minimum contacts in South Carolina for specific jurisdiction to exist over it in this state. The motion to dismiss is denied as to defendant PrecisionAire, Inc.

*Defendant Masciarella*

Plaintiff contends that subsection (1)(c), committing a tortious act in whole or in part in the state, applies to the individual defendant, Masciarella, since as the sole owner, officer, and director of

the companies, he allegedly directed the infringements of the plaintiff's patents by defendants Precision Small Engine Company and Precisionaire, Inc., and is personally liable for **inducing infringement** under 35 U.S.C. § 271(b).  The Court disagrees.  As noted by the Federal Circuit in *Beverly Hills Fan*, in construing a similar provision in the Virginia long-arm statute, the allegation of "**inducement of infringement** requires the commission of an affirmative act" and "there is nothing in the record suggesting that . . . defendant necessarily committed any affirmative act" in South Carolina.  *Beverly Hills Fan*, 21 F.3d at 1570 (emphasis added).  The same is true here for Masciarella, individually, as there is no evidence in the record that any alleged inducement took place in South Carolina.

Plaintiff also argues that Masciarella "is behind the shell game being played," in that PrecisionAire and Precision Small Engine should be regarded as one corporation which is liable for infringement and Masciarella should be held personally liable as an officer of both companies for inducement of the infringement.  However, as noted above, the question of personal jurisdiction is separate and distinct from the question of potential individual personal liability under patent laws.  Here, the Court finds that the alleged conduct of Masciarella does not fit within the South Carolina long-arm statute, and personal jurisdiction therefore does not exist over him in South Carolina.[3]

---

[3] Defendant cites *Wechsler v. Macke Intern. Trade, Inc*., 486 F.3d 1286 (Fed. Cir. 2007) in support of its argument that it is not proper to pierce the corporate veil in this case and find the companies are the alter egos of Masciarella.  However, a close reading of the plaintiff's briefs indicates that he simply asserts that the two companies are alter egos of each other and not that PrecisionAire or Precision Small Engine is the alter ego of Masciarella.  Regardless, based on the record before it, the Court does not believe there is sufficient evidence to pierce the corporate veil so as to establish personal jurisdiction over Masciarella.  Under *Wechsler*, regional circuit law determines the alter ego issue.  The Fourth Circuit applies the law of the forum state to determine whether to pierce the corporate veil.  *See Perpetual Real Estate Services, Inc. v. Michaelson*, 974 F.2d 545 (4th Cir. 1992). "If any general rule can be laid down, it is that a corporation will be looked upon as a legal entity until sufficient reason to the contrary appears. . . The party seeking to have the corporate entity disregarded has the burden of proving that the doctrine should be applied."  *Sturkie v. Sifly*, 280 S.C. 453, 313 S.E.2d 316, 318 (Ct. App. 1984).

However, even if the long-arm statute was found to be sufficiently broad to cover the acts the plaintiff alleges were committed by Masciarella, the Court finds that the exercise of personal jurisdiction over him would offend established principles of due process in that he lacks sufficient minimum contacts with South Carolina.[4]     The Court accordingly grants the motion to dismiss defendant Masciarella on the basis of lack of personal jurisdiction.

*Venue*

Both parties agree that proper venue for PrecisionAire Systems exists wherever the corporation is subject to personal jurisdiction. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Therefore, since the Court has found that personal jurisdiction is present over PrecisionAire, then venue is also proper in South Carolina. Defendant Masciarella has been dismissed from the action, so it is not necessary to discuss the question of venue as to him.

Defendant Precision Small Engine had moved that the action be transferred to Florida, since an action was pending at the time between some of the parties in Florida. However, now that the Florida action has been dismissed, this would not be appropriate.

## **CONCLUSION**

The defendants' motion to dismiss is GRANTED as to defendant Masciarella and DENIED as to defendant PrecisionAire, Inc. The motion to dismiss based on improper venue or to transfer venue is also DENIED.

---

[4] Plaintiff does not contend that general jurisdiction exists over Masciarella.

**AND IT IS SO ORDERED**.

                                                      s/ R. Bryan Harwell
                                                      R. Bryan Harwell
                                                      United States District Judge

Florence, S.C.
September 27, 2007